IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellee, | ) |
| | ) |
| vs. | ) NOS. 13-4970(L), 14-4001 |
| | ) |
| CHRISTOPHER MICHAEL PIASTA, | ) |
| and AUSTION RAE CARDWELL, | ) |
| | ) |
| Appellants. | ) |

_____

**APPELLANT CARDWELL'S RESPONSE IN OPPOSITION
TO THE GOVERNMENT'S MOTION TO DISMISS**

NOW COMES Appellant Mrs. Austion Cardwell, by and through undersigned counsel, Mr. Mark A. Jones, Esq., respectfully responding in opposition to the government's Motion to Dismiss, (Doc. No. 35), filed in lieu of a Response Brief on June 2, 2014. In support, Mrs. Cardwell shows unto the Court that the government's Motion to Dismiss is wholly without merit and should be denied.

**PROCEDURAL BACKGROUND**

The Grand Jury for the Western District of North Carolina returned a six-count Bill of Indictment on July 17, 2012, charging Austion Cardwell and others in Count One with conspiring "to manufacture and possess with the intent to distribute a controlled substance, that is, a mixture and substance containing a

detectable amount of methamphetamine." (J.A. 16-20.) Count One further alleged that "[s]aid offense involved at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers." (J.A. 17.) Mrs. Cardwell pled guilty without a plea agreement. (J.A. 52-78.) At her Rule 11 hearing she expressly reserved her right to have the district court determine, at sentencing, whether she would be subject to the enhanced statutory penalties of 21 U.S.C. § 841(b)(1)(A). (J.A. 63-64.) She specifically reserved the right to have the district court determine—for statutory purposes—the individualized quantity of a mixture or substance of methamphetamine that was reasonably foreseeable to her. More specifically, she reserved the right to have the sentencing court determine whether only the usable, consumable, or marketable contents of a jar of methamphetamine wastewater would be counted for statutory drug quantity purposes. (J.A. 65-68.)

At her sentencing hearing, Mrs. Cardwell argued that the enhanced penalties of 21 U.S.C. § 841(b)(1)(A) should not apply because only the usable, consumable, or marketable portions of any mixture or substance of methamphetamine could be counted for determining the appropriate statutory penalties under 21 U.S.C. § 841(b). (J.A. 94-95.) The district court overruled the objection, holding that the enhanced penalties of 21 U.S.C. § 841(b)(1)(A) were applicable. (J.A. 96.) The district court, however, also determined that Mrs. Cardwell qualified for the

"safety valve" under 18 U.S.C. § 3553(f), and it ultimately imposed a variant sentence of 24 months' imprisonment. (J.A. 144-45, 202-08.) The district court also imposed two years' supervised release for Count One (a Class A felony), Counts Two, and Count Three. All three terms of supervised release were ordered to run concurrently. (Id.)

On appeal, Mrs. Cardwell's case was consolidated with co-defendant Chris Piasta's appeal. (Doc. No. 4.) The Joint Appendix and the Appellants' Opening Brief were filed on April 8, 2014. The government's Response Brief was initially due May 5, 2014. After an extension, the government's brief was due on June 2, 2014. On that day, the government filed the instant Motion to Dismiss. (Doc. No. 35.) For the reasons stated below, the government's Motion to Dismiss Mrs. Cardwell's appeal is without merit and should be denied.

## DISCUSSION

**I.  Under Well-established Supreme Court Precedent, Mrs. Austion Cardwell's Appeal of her Original Conviction Is Not Moot, and This Court Plainly Has Subject-Matter Jurisdiction.**

A.  Standard of Review

"[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900 (1968)

(interpreting *St. Pierre v. United States*, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943)).

    B.    <u>Discussion</u>

In *Sibron v. New York*, the United States Supreme Court held that "[t]he possibility of consequences collateral to the imposition of sentence is sufficiently substantial to justify our dealing with the merits," and thus "[t]he mere possibility that this will be the case is enough to preserve a criminal case from ending ignominiously in the limbo of mootness." 392 U.S. at 55, 88 S.Ct at 1898-99. The district court erroneously convicted Mrs. Cardwell of a Class A felony violation of 21 U.S.C. §841(b)(1)(A), and this fact has both real and possible collateral consequences, despite the fact that Mrs. Cardwell also received the benefits of the 18 U.S.C. § 3553(f) "safety valve." Critically, the government has not "shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900. Thus, according to the Supreme Court in *Sibron*, this Court has subject-matter jurisdiction and Mrs. Cardwell's appeal is not moot. *Id.*

This Court's subject-matter jurisdiction is not changed by the government's misplaced reliance on *United States v. Hardy*, 545 F.3d 280 (4th Cir. 2008), and *Spencer v. Kemma*, 523 U.S. 1, 118 S.Ct. 978 (1998), or its repeated citations to *Incumaa v. Ozmint*, 507 F.3d 281 (4th Cir. 2007). (Doc. 35 at 13-14.) In its

Motion to Dismiss, the government claims that *Hardy* and *Spencer* both state a jurisdictional rule that "[a] defendant challenging his sentence on appeal must show some concrete and continuing injury or some collateral consequence resulting from the alleged error." (Doc. 35 at 14.) Neither case, however, supports the government's argument, and both cases are easily distinguishable. The appellant in *Hardy* appealed "the district court's order revoking his supervised release," not his original conviction. *Hardy,* 545 F.3d at 281. Similarly, the petitioner in *Spencer* sought "to invalidate a[n] order revoking his parole," not his original conviction. *Spencer*, 523 U.S. at 3, 118 S.Ct. at 981. Austion Cardwell, however, is appealing an error in her original conviction, not an alleged error in a revocation or parole sentence. This difference is both meaningful and dispositive.

The Supreme Court in *Spencer*, and this Court in *Hardy*, both recognized the difference between an appeal of the original conviction and an appeal of a subsequent order revoking supervised release or parole. *Spencer*, 523 U.S. at 12, 118 S.Ct. at 985; *Hardy*, 545 F.3d at 283 (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968)). Though *Spencer* and *Hardy* seemingly require a defendant appealing her *revocation* sentence to "show some concrete and continuing injury or some collateral consequence resulting from the alleged error," (Doc. 35 at 14) (emphasis added), the government is simply wrong when it claims that a defendant challenging his original sentence on appeal must make this heightened showing.

*Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900. To the contrary, the Supreme Court in *Sibron* was clear when it held that "*the mere possibility*" of collateral consequences "is sufficiently substantial to justify our dealing with the merits." *Sibron*, 392 U.S. at 55, 88 S.Ct at 1898-99 (emphasis added). Because there are possible collateral consequences to Mrs. Cardwell's conviction to a Class A felony, her appeal is not moot. *Id.*

Though the Supreme Court in *Sibron* held that "the mere possibility" of collateral consequences is sufficient to provide jurisdiction, 392 U.S. at 55, 88 S.Ct at 1898-99, Mrs. Cardwell can identify multiple specific collateral consequences of her conviction to a Class A felony. Unless redressed by this Court, Mrs. Cardwell's conviction to a violation of 21 U.S.C. §841(b)(1)(A) will forever and erroneously count as a qualifying predicate conviction for the federal "three strikes" provision of 18 U.S.C 3559(c). The federal "three strikes" law, which requires mandatory life imprisonment, applies "[n]otwithstanding any other provision of law [to] a person who is convicted in a court of the United States of a serious violent felony . . . if the person has been convicted . . . of 2 or more serious violent felonies; or one or more serious violent felonies and one or more serious drug offenses." 18 U.S.C. § 3559(c). The federal "three strikes" law defines the "term 'serious drug offense' [as] an offense that is punishable under section 401(b)(1)(A) or 408 of the Controlled Substances Act (21 U.S.C. 841 (b)(1)(A),

848) or section 1010(b)(1)(A) of the Controlled Substances Import and Export Act (21 U.S.C. 960 (b)(1)(A))" 18 U.S.C. § 3559(c)(2)(H)(i). Accordingly, Mrs. Cardwell's erroneous conviction is a qualifying "strike" whereas neither a conviction of 21 U.S.C. § 841(b)(1)(B) or § 841(b)(1)(C) would qualify. This real consequence demonstrates that Austion Cardwell's case is not moot, and this Court has subject-matter jurisdiction to redress the district court's erroneous ruling regarding the applicable statutory penalty.

Additionally, the United States Sentencing Guidelines (U.S.S.G.) apply more severe punishment upon the revocation of supervised release for individuals convicted of Class A felony offenses. Specifically, an individual convicted of a Class A felony offense who commits a Grade A violation of the terms of supervised release is subjected to an elevated range of imprisonment pursuant to U.S.S.G. § 7B1.4(a). Mrs. Cardwell is presently serving her term of supervised release. If she were to commit a Grade A violation, then the revocation guidelines would call for a term of between 24 to 30 months' imprisonment. This is nearly double the revocation range of 12 to 18 months' imprisonment that would have applied absent the district court's erroneously ruling. U.S.S.G. § 7B1.4(a). The possibility of additional imprisonment upon the revocation of supervised release is a real and palpable consequence of Mrs. Cardwell's conviction, and this Court accordingly has subject-matter jurisdiction to address and redress the error.

WHEREFORE, Appellant Austion Cardwell, in reliance upon the Supreme Court's holding that "the mere possibility that a conviction may result in collateral consequences is enough to preserve a criminal case from ending ignominiously in the limbo of mootness," *Sibron*, 392 U.S. 40, 55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), respectfully asks this Honorable Court to deny the Government's Motion to Dismiss, (Doc. No. 35).

RESPECTFULLY SUBMITTED, this the 5th day of June, 2014.

/s/Mark A. Jones
BELL, DAVIS & PITT, P.A.
Attorney for Austion Cardwell
North Carolina Bar # 36215
100 N. Cherry St, Suite 600
Winston-Salem, NC 27101
Phone:(336)714-4122
Facsimile:(336)714-4101
Mjones@belldavispitt.com

## **CERTIFICATE OF SERVICE**

      I certify that I have this day served a copy of the above upon Appellee herein by serving Assistant United State Attorney William Miller through electronic case filing. I have this day also served a copy of the above upon co-Appellant, Christopher Piasta, by serving his counsel of record, Mr. William D. Auman, Esq., through electronic case filing.

      This the 5th day of June, 2014.

                                              /s/ Mark A. Jones
                                              BELL, DAVIS & PITT, P.A.
                                              Attorney for Austion Cardwell